No. 1901.—E. L. BODECHTEL, etc., v. R. FRELINGHUYSEN, Widow and Executrix.

Plaintiff, a forced heir, brought suit to reduce a donation to her stepmother, made in the last will of her deceased father, which gave to her stepmother the personal property of his estate in fee simple, and the usufruct of his real estate during her widowhood. The stepmother obtained a final judgment dismissing the opposition to her account as executrix, and approving the donation. Held—That the stepmother might plead this judgment as *res judicata* against the claim of the heirs, although it had been rendered on opposition to her account as executrix.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *T. A. Bartlette*, for appellant. *Robert J. Kerr*, for appellee.

HOWELL, J. This is an action by a forced heir to reduce the donation *mortis causa* made to the defendant by the will of the deceased father. The defense is the plea of *res judicata*, which was overruled, and the defendant appealed.

The will gave to the widow, the stepmother of plaintiff, all the movable property and the usufruct, during widowhood, of all the immovable property of the testator's estate. The defendant, as execu-

trix, filed an account, to which the plaintiff made opposition, on which the following judgment, which is the basis of the above plea, was rendered:

"It is ordered, adjudged and decreed that the opposition of Emma Louisa Bodechtel, wife of Leidenheimer, be dismissed, and that the executrix be declared to be *entitled to the usufruct of the entire estate,* which usufruct will cease only at her death or in the event of her entering into a second marriage; and it is further ordered that the account be approved and homologated."

From this judgment no appeal was taken. It was rendered in a proceeding between the same parties now before us, and settled distinctly the right of the defendant to the usufruct of the *whole estate* left by the deceased, which is to continue until death or a second marriage. This must be held to conclude the right of plaintiff to reduce the estate thus decreed to the defendant, as she is seeking to do in this action. Her position that the plea is not good because the question involved could only be tried and determined by the direct action, and not in an opposition to an account, can not avail. The authority in 10 An. 28, cited by her, may probably have justified an exception to the question being raised in an opposition to an account, but can not warrant us in treating the judgment thereon as a nullity.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, with costs in both courts.

Rehearing refused.